UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY B-24-1

UNITED STATES OF AMERICA                    CRIMINAL NO. 3:25CR 101 (SFR)(TOF)

v.                                          VIOLATIONS:

TIMEEK HEATH                                21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)
                                            (Possession with Intent to Distribute and
                                            Distribution of Fentanyl)

                                            18 U.S.C. §§ 922(g)(1) and 924(a)(8)
                                            (Unlawful Possession of a Firearm by a
                                            Felon)

                                            18 U.S.C. § 922(d) and 924(a)(8)
                                            (Sale of a Firearm to a Prohibited Person)

                                            18 U.S.C. §§ 933(a)(1) and 933(b)
                                            (Firearm Trafficking – Transfer)

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Possession with Intent to Distribute and Distribution of Fentanyl)

1.      On or about August 7, 2024, in the District of Connecticut, the defendant

TIMEEK HEATH did knowingly and intentionally possess with intent to distribute and did

distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT TWO
(Unlawful Possession of a Firearm by a Felon)

2.      On or about September 5, 2024, in the District of Connecticut, the defendant,

TIMEEK HEATH, having been, and knowing that he had been, previously convicted in the

Superior Court of the State of Connecticut of a crime punishable by imprisonment for a term exceeding one year, specifically:

    a.  Manslaughter in the First Degree, in violation of Connecticut General Statutes § 53a-55(a)(3), on or about December 9, 2006;

    b.  Larceny in the First Degree, in violation of Connecticut General Statutes § 53a-122(a)(3), on or about December 9, 2006; and

    c.  Larceny in the Third Degree, in violation of Connecticut General Statutes § 53a-124, on or about November 13, 2002,

did knowingly possess a firearm in and affecting commerce, specifically, a Glock, model 23, .40 caliber semi-automatic pistol, bearing serial number BSLW803, which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT THREE
(Sale of a Firearm to a Prohibited Person)

3.      On or about September 5, 2024, in the District of Connecticut, the defendant, TIMEEK HEATH, did knowingly sell or dispose of a firearm, specifically, a Glock, model 23, .40 caliber semi-automatic pistol, bearing serial number BSLW803, to a cooperating witness ("CW-1"), knowing and having reasonable cause to believe that CW-1 had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d) and 924(a)(8).

## COUNT FOUR
(Firearm Trafficking - Transfer)

4.      On or about September 5, 2024, in the District of Connecticut, the defendant, TIMEEK HEATH, did ship, transport, transfer, cause to be transported, or otherwise dispose

2

of a firearm, specifically, a Glock, model 23, .40 caliber semi-automatic pistol, bearing serial

number BSLW803 to CW-1, in or otherwise affecting interstate and foreign commerce,

knowing or having reasonable cause to believe that the use, carrying, and possession of the

firearm by CW-1 would constitute a felony, as defined in Title 18, United States Code,

Section 932(a).

In violation of Title 18, United States Code, Sections 933(a)(1) and 933(b).

## COUNT FIVE
(Possession with Intent to Distribute and Distribution of Fentanyl)

5.      On or about September 19, 2024, in the District of Connecticut, the defendant

TIMEEK HEATH did knowingly and intentionally possess with intent to distribute and did

distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II

controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATION
(Controlled Substance Offenses)

6.      Upon conviction of one or more of the controlled substance offenses alleged

in Counts One and Five of this Indictment, the defendant TIMEEK HEATH, shall forfeit to

the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and

interest in any property constituting, or derived from, proceeds obtained, directly or

indirectly, as a result of the violations of Title 21, United States Code, Section 841, and any

property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, the violations and a sum of money equal to the total amount of proceeds

obtained as a result of the offenses.

7.      If any of the above-described forfeitable property, as a result of any act or

omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Sections 853 and 881, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
### (Firearm Offenses)

8.      Upon conviction of one or more of the firearm offenses alleged in Counts Two through Three of this Indictment, the defendant, TIMEEK HEATH, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), the firearm and ammunition involved in the commission of the offense, including but not limited to the following: a Glock, model 23, .40 caliber semi-automatic pistol, bearing serial number BSLW803, and related ammunition, all of which were seized on or about September 5, 2024.

All in accordance with Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
### (Firearm Trafficking Offense)

9.      Upon conviction of the firearm trafficking offense alleged in Count Four of this Indictment, the defendant, TIMEEK HEATH, shall forfeit to the United States, pursuant

to Title 18, United States Code, Sections 924(d) and 934 and Title 28, United States Code, Section 2461(c), all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of Title 18, United States Code, Section 933, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation, including a Glock, model 23, .40 caliber semi-automatic pistol, bearing serial number BSLW803, and related ammunition, all of which were seized on or about September 5, 2024.

All in accordance with Title 18, United States Code, Sections 924(d) and 934; Title

21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and

Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

FOREPERSON

UNITED STATES OF AMERICA

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

NATHANIEL J. GENTILE
ASSISTANT UNITED STATES ATTORNEY